Argued November 13, 1917, modified January 8, rehearing denied March 19, 1918.

## STATE OF OREGON v. HYDE.

(169 Pac. 779.)

**Public Lands—Cancellation of Deeds—Parties.**

1. Where deeds to school lands within a national forest reserve filed as a basis for lieu land selections had not been accepted by the General Land Office, a suit by the state to cancel its deeds to such lands for fraud was determinable without the presence of the United States as a party.

**Public Lands—Cancellation of Deeds—Evidence.**

2. In a suit to cancel deeds to school lands, evidence *held* sufficient to show *prima facie* that the applications to purchase such lands were fraudulent, in that they were not made for the benefit of the applicants or were made in fictitious names.

From Jackson: FRANK M. CALKINS, Judge.

In Banc.

This is a suit brought by the State of Oregon to recover 2,360 acres of land in Jackson County. The complaint on which the case was tried is substantially identical with that filed in Crook County and which is described in the opinion in the Crook County case this day handed down.

The defendants Hyde, Western Lumber Company and Anaconda Copper Mining Company demurred, charging, among other things, that there was a defect of parties in that the United States had not been joined as a defendant. These demurrers were overruled and said defendants thereupon answered. The answers denied plaintiff's allegations of fraud and alleged affirmatively that the United States is an indispensable party defendant. The answers were to the same purport as those filed by these defendants in the Crook County suit.

88 Or.—6

The defendants F. A. Hyde & Company, C. W. Clarke & Co., A. S. Baldwin and Emma C. Baldwin filed disclaimers.

Plaintiff's replies traversed the affirmative allegations of the answers.

The lower court found for plaintiff as to all the land in dispute, but conditioned the relief on the payment to Western Lumber Company of $1,600 and to Anaconda Copper Mining Company of $400. Plaintiff appeals from so much of the decree as exacted these payments and the defendants Hyde, Western Lumber Company and Anaconda Copper Mining Company appeal from the remainder of the decree.

MODIFIED.

For appellant there was a brief with oral arguments by *Mr. George M. Brown,* Attorney General, and *Mr. John O. Bailey,* Assistant Attorney General.

For respondents there was a brief with oral arguments by *Mr. A. C. Shaw, Mr. Elmer E. Hershey* and *Mr. W. M. Bickford.*

McCAMANT, J.—For the reasons stated in the opinion rendered in the Linn County case, the Circuit Court erred in requiring plaintiff to pay the sums adjudged to the defendants Western Lumber Company and Anaconda Copper Mining Company. The other questions of law arising on this record are discussed and determined in the opinion handed down this day in the Crook County case.

1. The testimony fails to show that the General Land Office has accepted deeds to any of the property involved in this suit and we are therefore at liberty to determine the controversy in the absence of the United States as a party.

2. The lands involved in this suit are covered by nine applications to purchase state lands. One of these applicants was called as a witness and the parties have stipulated as to the testimony of another. These witnesses testify that they signed the applications without intent to purchase the lands applied for; they were paid a dollar apiece by one of the agents of Hyde to sign such papers as were laid before them; they considered that they were selling their rights to purchase state lands. Their testimony is corroborated by that of Hyde's representative who secured their applications.

It appears that six additional of the applications with which we are concerned in this case were brought by Schneider into the office of a notary who was induced to affix his jurat to the affidavits without the appearance of the applicants before him. This same notary accommodated Schneider by affixing his certificate to acknowledgments of deeds conveying the lands applied for to A. S. Baldwin, in whose name Hyde carried a large share of the lands so undertaken to be acquired. Schneider testifies that these were dummy applications and the evidence strongly supports plaintiff's contention that the applications were made in fictitious names. The state has clearly proved its allegations of fraud as to these eight applications.

The remaining application was made in the name of Mary E. Grey. The affidavit purports to be taken before the same notary who affixed his jurat to the other applications at Schneider's request; the same notary's name appears as witness and as notary on the deed subsequently recorded and running to A. S. Baldwin. The other witness to this deed is Alfred English. A most painstaking search of the state's attorneys has failed to locate either English or Mary E.

Grey. Neither name appears in the Portland directories. It is established that other applications were made in the names of fictitious parties or that the names of real persons were forged thereto. We think that plaintiff has made out a *prima facie* case as to this application and in the absence of any testimony on the subject from the defendants we must hold the application to be fraudulent.

It follows that, with the modification above referred to, the decree should be affirmed. Plaintiff's judgment for costs in both courts will run against the defendant Hyde only.  MODIFIED.  REHEARING DENIED.